UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**HOLLY MATLOCK ET AL**                           **CASE NO. 2:24-CV-00456**

**VERSUS**                                                            **JUDGE JAMES D. CAIN, JR.**

**RCI DINING SERVICES (SULPHUR) INC      MAGISTRATE JUDGE LEBLANC
ET AL**

## MEMORANDUM RULING

Before the Court is Defendant, RCI Dining Services (Sulphur) Inc. d/b/a Scarlett's Cabaret, Cordero Pennington, and Travis R. Reese's Motion to Dismiss (Doc. 29) Plaintiff, Detyscha Pickney's Claims with prejudice.

## BACKGROUND

The instant lawsuit involves alleged violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § § 201, *et seq.* ("FSLA") and allegations that Defendants have illegally absconded with Plaintiffs' tips.[1] Defendants own and operate a strip club named Scarlett's Cabaret (hereinafter referred to as the "Cabaret).[2] The Cabaret employed Plaintiff, Detyscha Pickney, from approximately October 2022 through May 2023.[3] Plaintiffs allege that the Cabaret failed to pay them minimum wages for all hours worked in violation of 29 U.S.C. § § 206 of the FLSA and also failed to pay tipped employees pursuant to 29 U.S.C. § 203(m). Specifically, Plaintiffs allege that Plaintiffs,

---

[1] Doc. 1.
[2] *Id.* ¶ 2.
[3] *Id.*

who were dancers,[4] were forced to share their tips with other employees, managers, Disc Jockeys, bartenders, security, and door men in violation of 29 C.F.R. § 531.5.

## LAW AND ANALYSIS

Defendants move to dismiss the claims of Plaintiff, Pickney for her failure to attend noticed depositions and failure to participate in the discovery process pursuant to Federal Rule of Civil Procedure 37. Defendants inform the Court of the following detailed discovery process, relevant only to Plaintiff, Pickney:

In May of 2025, Defendants noticed Ms. Pickney's deposition for June 25, 2025.[5] At 4:55 p.m., on June 24, 2025, counsel for Plaintiffs sent an email informing the opposing counsel that due to a minor medical emergency, Ms. Pickney would not be able to appear for her June 25, 2025, noticed deposition. Counsel for Defendants immediately asked counsel for Plaintiffs for other dates to re-notice Ms. Pickney's deposition and thereafter, re-noticed Ms. Pickney's deposition for July 18, 2025.[6] The day before the July 18, 2025 scheduled deposition of Ms. Pickney, counsel for Defendants conferred with counsel for Plaintiffs to confirm that Ms. Pickney would appear. Counsel for Plaintiffs replied that they could not get in touch with Ms. Pickney to confirm; Defendants cancelled the July 18, 2025 deposition in order not to incur a late cancelation fee from the court reporter.

---

[4] The primary duty of an entertainer is to dance, entertain customers and give them a good experience. Specifically, an entertainer performs stage and table dances, and entertains customers on an hourly basis. Stated differently, entertainers dance on stage, perform table dances, and entertain customers in VIP rooms, all while nude or semi-nude. *Id.* ¶ 22.
[5] Defendant's exhibit A.
[6] Defendant's exhibit B.

On July 21, 2025, Defendant's office conferred with counsel for Plaintiffs asking for dates to re-notice Ms. Pickney's deposition and counsel for Plaintiffs replied that if they did not hear back from Ms. Pickney by Wednesday, (July 23, 2025), they would be forced to take action.

On July 28, 2025, this Court held a Status Conference as scheduled pursuant to the Scheduling Order.[7] Counsel for Plaintiffs advised the Court that they would be moving to withdraw as counsel for Plaintiff Pickney, leaving her to represent herself because counsel had been unable to communicate with her. Defendants informed the Court that they were ready to proceed to trial on October 20, 2025, solely on Plaintiff Holly Matlock's claims, and they intended to notice Pickney's deposition, whether represented or not. On that same day, Defendants served counsel for Plaintiffs with a second amended notice of deposition for Pickney for August 11, 2025.[8]

On July 31, 2025, counsel for Plaintiffs filed a motion to withdraw as counsel for Ms. Pickney.[9] On August 11, 2025, Ms. Pickney failed to appear at her deposition and a Certificate of Nonappearance was taken.[10] On August 13, 2025, this Court entered an electronic text order deferring ruling on the withdrawing counsel's motion to withdraw and set an August 26, 2025 telephone conference with the Magistrate Judge to discuss the motion to withdraw. Withdrawing counsel was further ordered to secure the participation of Ms. Pickney on the upcoming August 26th telephone conference call and deliver to Ms.

---

[7] Doc. 21.
[8] Defendant's exhibit C.
[9] Doc. 25.
[10] Defendant's exhibit D.

Pickney a "Notice to Plaintiff Regarding Representing Yourself" and obtaining her signature on said Notice. The Court further instructed counsel to file a certificate stating why, after due diligence, counsel was unable to obtain Pickney's signature so the Court could terminate the telephone conference.[11]

On August 24, 2025, counsel for Plaintiffs filed the Certificate of Due Diligence[12] which indicated that after many unsuccessful attempts and due diligence, counsel was unable to communicate with Plaintiff Pickney and obtain her signature.

On September 4, 2025, counsel for Pickney filed a response to the Motion to Dismiss and again notified the Court that counsel has been unable to communicate with Ms. Pickney, but also informed the Court that it had been able to obtain an additional mailing address for Pickney and intends to send out additional written correspondence to this potential mailing address to reach Ms. Pickney and secure her participation.

Counsel proposes that the Court order Ms. Pickney to appear for a deposition within 60 days on a mutually agreeable date amongst counsel. Counsel assures the Court that the Order will be promptly texted, emailed and mailed to the addresses found, including the new potential addresses.

Rule 37 provides that if a party fails to attend its own deposition and/or fails to participate in the discovery process, the court where the action is pending may, on motion, order sanctions against the offending party. Federal Rule of Civil Procedure 37(d)(1)(A). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Federal Rule of

---

[11] Electronic Order 26, dated 8/13/2025.
[12] Doc. 32.

Civil Procedure 37(d)(3). That includes dismissing the action in whole or in part or rendering a default judgment against the disobedient party. Federal Rule of Civil Procedure 37(b)(2)(A)(v)-(vi).

The Court notes that this matter is set for trial for October 20, 2025, and there have been numerous attempts to communicate with Ms. Pickney and secure her participation in this litigation. However, the Court will permit counsel for Plaintiff to reach out to Plaintiff, but the Court will not permit the deposition be taken within 60 days due to the fast-approaching trial date. Should Ms. Pickney not be found, and/or not participate in this litigation further, the Court has no choice but to dismiss this Plaintiff and her claims. Be that as it may, the Court will proceed with the trial on October 20, 2025, and Plaintiff, Holly Matlock's claims.

The Court also notices that Plaintiff, Stacie Houston, who filed a Notice of Consent to Join[13] in anticipation of this lawsuit being certified as a class action, is pursuing her claims through arbitration.[14] The Court will request counsel for the parties to file memoranda as to why this Plaintiff should not be dismissed, considering that she entered this litigation as an opt-in Plaintiff and the action was never certified as a class action.

## **CONCLUSION**

For the reasons explained herein, the Court will order the parties to schedule another deposition within 30 days of this date. The Court will hold in abeyance a ruling on the Motion to Dismiss (Doc. 29) Plaintiff, Detyscha Pickney's Claims with prejudice. Should

---

[13] Doc. 19.
[14] See Minutes (Doc. 24) dated July 28, 2025.

Plaintiff not attend the scheduled deposition, or not be reached by her counsel, the Court will then grant the Motion to Dismiss Plaintiff, Detyscha Pickney's claims pursuant Rule 37 of the Federal Rules of Civil Procedure. The Court will also require counsel for Plaintiff to inform the Court through a Notice filed into the record one day after the date of the scheduled deposition if counsel was successful in contacting Plaintiff, and if she participated in the schedule deposition.

      **THUS DONE AND SIGNED** in Chambers on this 11th day of September, 2025.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**