**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **HOLLY MATLOCK ET AL** | **CASE NO.  2:24-CV-00456** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RCI DINING SERVICES (SULPHUR) INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## <u>MEMORANDUM RULING</u>

Before the Court is "Defendants' Motion to Dismiss Detyscha Pickney's Claims" (Doc. 29). The instant matter is set for trial for October 20, 2025. Only one Plaintiff is remaining—Detyscha Pickney. Defendants move to dismiss Pickney's claims pursuant to Rule 37 of the Federal Rules of Civil Procedure due to her failure to attend noticed depositions, communicate with her counsel, and make herself available to prosecute her claims.

This lawsuit was filed by counsel for Pickney and Holly Matlock[1] on April 4, 2024.[2] The October 20, 2025 jury trial was scheduled by the Magistrate Judge on October 3, 2024.[3] Since that time, it appears that counsel for Pickney has been unable to communicate with their client and therefore informed the Court that they intended to withdraw as counsel for Pickney.[4]

Defendants submit that they have noticed Pickney's deposition on numerous occasions to which she has failed to appear. In May of 2025, Defendants noticed Pickney's

---

[1] Matlock settled her claims and has been dismissed. Doc. 50.
[2] Doc. 1.
[3] Docs. 20 and 21.
[4] See Minutes dated July 28, 2025.

deposition for June 25, 2025.[5] Counsel for Plaintiff informed counsel for Defendants that Pickney would not be appearing due to a minor medical emergency. Counsel for Defendants then re-noticed Pickney for a deposition on July 18, 2025.[6] The day before the noticed deposition, counsel contacted Pickney's counsel to confirm that Pickney would appear.  Plaintiff's counsel informed Defendants' counsel that they could not get in touch with Pickney.  Thus, the July 18, 2025, deposition was canceled.

On July 21, 2025, Defendants' counsel contacted Plaintiff's counsel to get dates to re-notice Pickney. On July 28, 2025, during a status conference with the Magistrate Judge, Defendants' counsel learned that Plaintiffs' counsel would be filing a motion to withdraw as counsel for Pickney due to their inability to communicate with her. On that same day, Defendants served onto counsel for Plaintiffs an amended notice of deposition of Pickney for August 11, 2025.[7]

On July 31, 2025, counsel filed a Motion to Withdraw as counsel for Pickney.[8]  On August 11, 2025, Pickney failed to appear at her deposition.[9] On  August 13, 2025, the Magistrate Judge set a telephone conference for August 26, 2025, to discuss the Motion to Withdraw, and her counsel was ordered to secure Pickney's participation.[10] The Magistrate Judge ordered that should Pickney not appear and withdrawing counsel failed to secure her participation, her case would be dismissed.[11]

---

[5] Defendants' exhibit A.
[6] Defendants' exhibit B.
[7] Defendants' exhibit C.
[8] Doc. 25.
[9] Defendants' exhibit D, Certificate of Nonappearance.
[10] E.O. 26.
[11] *Id.*

On August 26, 2025, the Magistrate Judge held the pre-scheduled telephone conference to address Plaintiffs' counsel's Motion to Withdraw.[12] Plaintiffs' counsel informed the Court that they had not been able to communicate with Pickney since June 2025, despite diligent efforts. As such, Pickney did not participate in the conference and the Magistrate Judge took the Motion under advisement.[13]

On August 27, 2025, the Magistrate Judge denied Plaintiffs' counsel's Motion to withdraw and ordered the parties to comply with the Notice of Motion setting as to the instant Motion to Dismiss Pickney.[14]

Despite being represented by counsel, the Court has attempted to mail Pickney the various orders issued by the Court. All mail has been returned as "undeliverable."[15] In another attempt, Defendants' counsel against re-noticed Pickney for a deposition set for September 29, 2025, yet again, Pickney did not appear.[16] A review of the record reflects that Pickney has failed to prosecute her claim and has made herself unavailable even to her own counsel.

Rule 37 provides that if a party fails to attend its own deposition and/or fails to participate in the discovery process, the court where the action is pending may, on motion, order sanctions against the offending party. FED. R. CIV. P. 37(d)(1)(A). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). FED. R. CIV. P. 37(d)(3). That

---

[12] E.O. 36, Doc. 25.
[13] *Id.*
[14] Doc. 37.
[15] Docs. 40, 45, 49 and 51.
[16] Plaintiff's exhibits A and B, Defendants'' Third Amended Notice of Intent to Take the Oral Deposition of Plaintiff Detyscha and Certificate of Non-Appearance. Docs. 52-1,2.

includes dismissing the action in whole or in part or rendering a default judgment against the disobedient party. FED. R. CIV. P. Rule 37(b)(2)(A)(v)-(vi).

The Court is satisfied that that counsel for both parties have diligently attempted to communicate with Pickney through various means with no success.  It is clear to this Court that Pickney has willfully failed to prosecute her claims and thus they should be dismissed. The Court notes that counsel for Plaintiff re-urges the previously filed Motion to Withdraw.[17] The Court finds that there is good cause for the withdrawal.

## **CONCLUSION**

For the reasons explained herein, the Court will grant Defendants' Motion to Dismiss Detyscha Pickney's Claims (Doc. 29) and dismiss Plaintiff, Detyscha Pickney's claims without prejudice. Considering the Court's dismissal, the Court will also terminate the October 2, 2025, pretrial conference and the October 20, 2025, trial, and grant Plaintiff's counsel's Motion to Withdraw as Counsel (Doc. 25).

**THUS DONE AND SIGNED** in Chambers on this 1st day of October, 2025.



**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[17] Doc. 25.